**SOUTHWESTERN SURETY INS. CO. v. TAYLOR et al.**

No. 8823—Opinion Filed April 16, 1918.

Rehearing Denied June 25, 1918.

(173 Pac. 835.)

1. Evidence—Guardian and Ward—Order Transferring Cause—Collateral At-

tack—Presumption—Performance of Duty.

An order of the county court transferring a guardianship cause to the county court of another county in this state cannot be collaterally attacked, and it is to be presumed that the court before making the order of transfer performed his duty and found the facts to justify the order to be true.

**2. Guardian and Ward—Bond—Breach of Conditions—Action.**

The bond sued upon, when taken in connection with section 6532, Rev. Laws 1910, contains conditions for the breach of which this action may be maintained.

(Syllabus by Hooker, C.)

Error from District Court, McClain County: F. B. Swank, Judge.

Action by Dora V. Taylor, by her guardian, J. F. Keeshan, against the Southwestern Surety Insurance Company and Carroll A. Taylor. Judgment for plaintiff, and the defendant company brings error. Affirmed.

Kent v. Gay and Embry, Crockett & Johnson, for plaintiff in error.

Woods & Turk, for defendant in error.

Opinion by HOOKER, C. By virtue of the opinion rendered in cause No. 8822 (70 Okla. 181, 173 Pac. 831), the judgment of the lower court is affirmed.

By the Court: It is so ordered.